IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GALBRAITH, | No. C 04-03919 WHA |
| Petitioner, | |
| v. | **ORDER GRANTING CERTIFICATE OF APPEALABILITY** |
| THOMAS CAREY, Warden, California Correctional Institution, Techachapi | |
| Respondent. | |

## INTRODUCTION

Petitioner Jeffrey Galbraith requests a certificate of appealability so that he may challenge, before the Ninth Circuit, the denial of his petition for a writ of habeas corpus. Because Mr. Galbraith made a substantial showing that his *Miranda* rights were violated and that he was denied effective assistance of counsel, petitioner's request is **GRANTED.**

## STATEMENT

When he was fifteen years old, petitioner and an accomplice robbed a store, shooting and killing the owner in the process. Petitioner was found unfit for treatment by the juvenile court and tried in superior court. He was convicted of second-degree murder and sentenced to prison for fifteen years to life. The state court of appeal affirmed. The California Supreme Court denied review.

On September 16, 2005, this Court denied Mr. Galbraith's petition. He then filed the

present request for a certificate of appealability on October 17, 2005.

## ANALYSIS

A district court judge may grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). The certificate is granted if the petitioner demonstrates "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; *or* that the questions are adequate to deserve encouragement to proceed further." Any doubt is resolved in the petitioner's favor. *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (citations omitted).

Petitioner advances two claims. *First*, he argues that his rights were violated when a police officer elicited an inculpatory statement from him without first advising him of his *Miranda* rights and, later, when another officer purportedly elicited involuntary statements from him after he waived his *Miranda* rights. *Second*, he contends that, before the juvenile court found him unfit for treatment, his attorney should have required the prosecution to put on a prima facie case that he committed the alleged offense. He claims such a failure by the attorney was ineffective assistance of counsel.

## CONCLUSION

Although this Court denied all of petitioner's claims, reasonable jurists may disagree. As such, petitioner's request for a certificate of appealability is **GRANTED** for the claims described above. The Clerk of the Court shall transmit the file, including a copy of this order, to the Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: January 25, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2